IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DERRICK R. STRONG,

    Plaintiff,                        CV F 04 5331 AWI WMW P

  vs.                               ORDER DISMISSING COMPLAINT
                                         WITH LEAVE TO AMEND

FOLSOM STATE PRISON, et al.,

    Defendants.

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the first amended complaint, filed in response to an earlier order dismissing the original complaint with leave to amend.   Plaintiff, an inmate in the custody of the California Department of Corrections at CSP Corcoran, brings this civil rights action against unidentified correctional officers employed by the Department of Corrections at Corcoran State Prison.

       In the original complaint, plaintiff set forth vague allegations of excessive force. In the order dismissing the complaint, the court advised plaintiff that in order to state a claim, he must identify specific individuals, and charge those individuals with conduct that states a claim for excessive force.  Plaintiff was specifically advised that the Eleventh Amendment prohibits

1

suits against the prison itself.

In the first amended complaint, plaintiff levels vague allegations of fabricated evidence in a disciplinary hearing. In <u>Edwards v. Balisok</u>, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine articulated in <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994), to prison disciplinary hearings. In <u>Heck</u>, the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. 512 U.S. at 487. In applying the principle to the facts of <u>Balisok</u>, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing. 520 U.S. at 646. Because such a challenge, if successful, would invalidate the duration of the inmate's confinement, it is properly brought as a habeas corpus petition and not under § 1983. <u>Heck</u>, 512 U.S. at 487; <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973).

Although the specific facts of <u>Balisok</u> involved allegations of deceit and bias on the part of a hearing officer, the Court's reasoning applies to any claim which, if proven, would have the effect of invalidating the result of a disciplinary hearing. Here, plaintiff alleges that he was convicted on fabricated evidence. Such an allegation necessarily implies the invalidity of the conviction. Such a claim therefore does not accrue until plaintiff's disciplinary conviction has been reversed, expunged or otherwise invalidated.

Further, plaintiff fails to identify any particular individuals, or charge those particular individuals with conduct that would establish a claim for a civil rights violation.

To warrant relief under the Civil Rights Act, a plaintiff must allege and show that

defendant's acts or omissions caused the deprivation of his constitutionally protected rights. <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1993).   In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  <u>Paratt v.Taylor</u>, 451 U.S. 527, 535 (1981).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See Monell v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

The court finds the allegations in plaintiff's complaint vague and conclusory. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  <u>Id.</u>  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:    April 24, 2006**            /s/  **William M. Wunderlich**
mmkd34                                                UNITED STATES MAGISTRATE JUDGE