IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DERRICK R. STRONG,

    Plaintiff,

vs.

H. VILLAPUEDA, et al.,

    Defendants.

CV F 04 5331 AWI WMW P

FINDINGS AND RECOMMENDATIONS

    This action proceeds on the second amended complaint filed in response to an earlier order dismissing the first amended complaint with leave to amend. Plaintiff, an inmate in the custody of the California Department of Corrections at CSP Corcoran, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at Corcoran. Plaintiff names the following individual defendants: H. Villapidia; R. Knight; I. Rubalcaba; G. Rodriguez; Rouseau; S. Beer; W. Anderson.

    The events that give rise to the allegations in the second amended complaint occurred on March 6, 2003. On that date, an unidentified correctional officer appeared at Plaintiff's cell, banging on his tray slot. Plaintiff asked the officer why he banged on the tray slot, and the officer "became belligerent." At lunchtime, the officer failed to deliver Plaintiff's lunch to him. Plaintiff attempted to get the attention of other correctional officers. Eventually, Defendant Sgt. Beer approached Plaintiff's cell. Sgt. Beer allegedly "began to make threats" against Plaintiff. Plaintiff was eventually escorted out of his cell. Plaintiff was placed in a holding cell and a strip

1

search was conducted.   Plaintiff alleges that after the strip search, the following occurred:

> After it was finished while being escorted, the officer plainly asked me to back out and as soon as I did and was turning around to be escorted the officer just swung me around until I was wrestled to the ground.  Next thing I knew I was being pepper sprayed even while I was already subdued in handcuffs lying on the ground.  I felt some officers hitting me, kicking me, and all I was saying was 'Lord have mercy, for they know not what they are doing.'  All those things occurred on March the Sixth two thousand three.  The officer who excessively swung me to the ground is revealed to be named H. Villapueda.  That is the only one who came to escort me.  The other staff was standing by the door as if they were trying to watch for someone else coming in.

Am. Comp., p.3.

In the order dismissing the first amended complaint, Plaintiff was advised of the requirements for stating a claim for relief for excessive force.  Here, liberally construed, the complaint states a claim for excessive force as to defendant Villapueda.  The complaint fails to state a claim as to the remaining defendants.   Plaintiff alleges no specific conduct as to the remaining defendants.

As to the threats by Sgt. Beer, Mere verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

By order of June 27, 2006, Plaintiff was advised that the second amended complaint stated a claim as to defendant Villapueda but failed to state a claim as to the remaining defendants.  Plaintiff was granted leave to file a third amended complaint.  Plaintiff failed to file a third amended complaint.

Accordingly, IT IS HEREBY RECOMMENDED that defendants Anderson, Knight, Rubalbcaba, Rosseau and Beer be dismissed.

Plaintiff is cautioned that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint

be complete in itself without reference to any prior pleading.  This is because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff is granted leave to file a third amended complaint. The third amended complaint is due filed thirty days from the date of service of this order.  The amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint."

IT IS SO ORDERED.

**Dated:   November 21, 2006**              **/s/  William M. Wunderlich**
mmkd34                                          UNITED STATES MAGISTRATE JUDGE

3