UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK STRONG, | CASE NO.   1:04-cv-5331-MJS (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| FOLSOM STATE PRISON, et al., | (ECF No. 56) |
| Defendants. | PLAINTIFF'S CLAIMS ARE DISMISSED WITHOUT PREJUDICE |
| / | CLERK SHALL CLOSE THE CASE |

I.  **PROCEDURAL HISTORY**

Plaintiff Derrick Strong ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Both parties have consented to Magistrate Judge jurisdiction in this case. (ECF Nos. 65 & 66.)  Pending before this Court is a Motion to Dismiss filed by Defendant H. Villapueda.  (ECF No. 56.)  Plaintiff filed an Opposition on February 28, 2011, and Defendant replied on March 11, 2011.  (ECF Nos. 59 & 62.).

This action proceeds on Plaintiff's Second Amended Complaint filed May 3, 2006.

1

(ECF No. 19.) On November 21, 2006, this Court screened Plaintiff's Complaint finding that it stated a cognizable claim for relief against Defendant Villapueda for excessive use of force.

## II.   THE PARTIES' ARGUMENTS

In the instant Motion, Defendant argues that Plaintiff failed to exhaust his administrative remedies before filing this action. Defendant states that in July 2003 Plaintiff filed a grievance related to what he complains of here. (ECF No. 56-4.) This grievance was denied at the Second Level of Review on September 4, 2003 and returned to Plaintiff on September 24, 2003. (Id. at ex. A.) According to prison grievance procedures, Plaintiff had fifteen days to submit the grievance for review at the Director's Level. (ECF No. 56-3.) Plaintiff submitted his appeal of the denial on October 29, 2003, over a month after receiving notice of the denial at the Second Level of Review. (Id. at ex. A.) Plaintiff's appeal at the Director's Level was screened out because it was not submitted in a timely manner. (Id.) Defendant argues that because Plaintiff did not receive a decision on his appeal at the Director's Level, he did not exhaust the administrative remedies available to him.

In his Opposition, Plaintiff states that he "received the 602 appeal process back late." (ECF No. 59, p. 1.) It is unclear what exactly it is Plaintiff says he received late. However, it is apparent from attachments to Defendant's Motion that there was a significant delay between the time that the denial was issued and when Plaintiff received a copy of it.

In his Reply, Defendant reiterates his original argument.

## III.   LEGAL STANDARD

"The Prison Litigation Reform Act [("PLRA")] requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions." Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing 42 U.S.C. § 1997e(a)); Brown v. Valoff, 422 F.3d 926, 934 (9th Cir. 2005) (quoting Porter v. Nussle, 534 U.S. 516, 525 n.4 (2002)) (The PLRA "creates 'a general rule of exhaustion' for prisoner civil rights cases."). "'[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002) (quoting Porter, 534 U.S. at 532); accord Roles v. Maddox, 439 F.3d 1016, 1018 (9th Cir.), cert. denied, 549 U.S. 905 (2006). The PLRA's "exhaustion requirement is mandatory." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam); accord Jones v. Bock, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); see also Panaro v. City of North Las Vegas, 432 F.3d 949, 954 (9th Cir. 2005) (The PLRA "represents a Congressional judgment that the federal courts may not consider a prisoner's civil rights claim when a remedy was not sought first in an available administrative grievance procedure."). Even if the prisoner seeks monetary or other relief that is unavailable through the grievance system in question, the prisoner must still first exhaust all available administrative remedies. See Booth v. Churner, 532 U.S. 731, 741 (2001) ("[W]e think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures.").

While the PLRA requires "proper" exhaustion of available administrative remedies, Woodford v. Ngo, 548 U.S. 81, 93 (2006), it does not define the boundaries of proper

3

exhaustion. See Jones, 549 U.S. at 218. Rather, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" Woodford, 548 U.S. at 90. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones, 549 U.S. at 218; see, e.g., Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009, as amended June 5, 2009) (per curiam) ("The California prison system's requirements define the boundaries of proper exhaustion.") (internal quotation marks and citation omitted). Absent a prison grievance procedure mandating the naming of each individual involved, a prisoner need not identify all of the defendants later named in a lawsuit during the administrative grievance process. Jones, 549 U.S. at 218.

The PLRA's exhaustion requirement is not jurisdictional; rather, it creates an affirmative defense that a defendant may raise in an unenumerated Rule 12(b) motion. See Jones, 549 U.S. at 213-14; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 540 U.S. 810 (2003). The defendant bears the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. Specifically, the defendant must show that some administrative relief remains available to the plaintiff "whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process." Brown, 422 F.3d at 936-37. In deciding a motion to dismiss for failure to exhaust, a court may "look beyond the pleadings and decide disputed issues of fact." Wyatt, 315 F.3d at 1119-20. When a prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120. However, dismissal of the entire complaint is not required when a prisoner has

exhausted some, but not all, of the claims included in the complaint. See Jones, 549 U.S. at 223-24.

California provides its inmates and parolees the right to appeal administratively the alleged misconduct of correctional officers and "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a), (e). In order to exhaust administrative remedies within this system, a prisoner normally must proceed through four levels: (1) initiation of informal resolution through submission of a CDC form describing the problem and the action requested; (2) first level formal written appeal to the prison's appeals coordinator; (3) second level formal appeal to the institution's warden or designee; and (4) third level formal appeal to the CDCR Director ("Director's Level"). Id. § 3084.5; see Woodford, 548 U.S. at 90-91 (California prisoners are required to use the process established by Cal. Code Regs., tit. 15 §§ 3084.1, 3084.2-3084.6 in order to satisfy 42 U.S.C. § 1997e(a)); Porter, 534 U.S. at 532 (the exhaustion requirement is mandatory and applies to all prisoner suits relating to prison life that do not implicate the duration of the prisoner's sentence).

## IV.   ANALYSIS

In his Complaint, Plaintiff states that there is an administrative remedy available at his institution and that he did submit a request for administrative relief regarding this incident, but that the process was not completed. Plaintiff states the reason for the in-completion was due to a "lack of cooperation." In his Opposition, Plaintiff states that he "received the 602 appeal process late." It is not clear what Plaintiff means by this statement. The date of the letter denying the second level of review is September 4, 2003. The date stamped on the grievance form states that it was returned to Plaintiff on

September 24, 2003.  Plaintiff did not file an appeal of this denial until the end of October.  If Plaintiff is claiming he did not receive the September 4 letter until September 24, he nevertheless still failed to file an appeal within fifteen days of receipt and thereby missed the filing deadline.  Plaintiff does not dispute his alleged failure to appeal to the Director's Level.

Because it is undisputed that Plaintiff did not properly exhaust his administrative remedies prior to bringing this action, the Court does not have jurisdiction over his claims.  Defendant's Motion to Dismiss for failure to exhaust administrative remedies is granted and the case is dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Dismiss is GRANTED;

2. Plaintiff's action is DISMISSED WITHOUT PREJUDICE; and

3. The Clerk shall close the case.

IT IS SO ORDERED.

Dated:   May 8, 2011                              /s/ *Michael J. Seng*
                                                  UNITED STATES MAGISTRATE JUDGE